## SAM WILLIAMS V. THE STATE.
### *No. 699.   Decided May 4.*

1. .Former Jeopardy.—Where a plea of former jeopardy showed upon its face that the information, to which defendant had previously pleaded, was so fatally defective that it could not form the basis of a legal prosecution and judgment, *Held,* that it was properly stricken out.

2. Same—Practice.—When a plea of former jeopardy has been· stricken out on motion, it is not error for the court to refuse to admit evidence in support of it on the trial of the case.

APPEAL from the County Court of Hamilton.   Tried below before Hon. JOHN C. MAIN, County Judge.

This appeal is from a conviction of theft of one banana, of the value of 5 cents, the punishment being assessed at five days' imprisonment in the. county jail.

No statement necessary.

No briefs for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a banana, and given five days in the county jail as his punishment. Former jeopardy pleaded by appellant was, on demurrer by the State, stricken out by the court.   There was no error in this ruling.   The plea showed upon its face that the former information was so fatally defective that it could not form the basis of a prosecution, and a judgment rendered thereon would have been a nullity.   On the former trial, after the plea was entered, and evidence partly admitted, it was discovered the information filed in that case failed to negative consent of the owner, whereupon that prosecution was dismissed by the State, over appellant's objection.   There was no error in this ruling.   Nor did the court err in refusing to admit evidence on this trial in support of his plea of jeopardy.   It had been eliminated from the cause, and there was nothing before the court authorizing the proffered testimony.   The statement of facts is not sent up in the record.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring. .